NOT FOR PUBLICATION

FILED

JUL 06 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SVEN E. SAMPSON, | No. 10-35718 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-05329-RBL |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted June 6, 2011[**]
Seattle, Washington

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and GONZALEZ, Chief District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Irma E. Gonzalez, Chief District Judge for the United States District Court, Southern District of California, sitting by designation.

Appellant Sven E. Sampson (Sampson) challenges the district court's decision affirming the Commissioner of Social Security's denial of Sampson's application for disability insurance benefits.

1.     The Administrative Law Judge (ALJ) considered the Veterans Administration's (VA's) disability rating and gave specific and legitimate reasons, supported by substantial evidence for giving less weight to the VA's disability rating. *See Berry v. Astrue*, 622 F.3d 1228, 1236 (9th Cir. 2010) (explaining that an ALJ may disagree with the VA's disability determination when giving "persuasive, specific, [and] valid reasons" supported by the record).

2.     The ALJ properly weighed the medical evidence and sufficiently explained her rejection of the treating physicians' opinions. *See Vincent v. Heckler*, 739 F.2d 1393, 1394-1395 (9th Cir. 1984) (explaining that all evidence need not be discussed in the ALJ's decision; the ALJ must simply "explain why significant probative evidence has been rejected") (citation and internal quotation marks omitted).

**3.**     Because the ALJ properly rejected the treating physicians' opinions, any error in rejecting the Global Assessment of Function (GAF) scores was harmless, since the scores alone would not establish disability. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (discussing harmless error).

**4.**     Stating specific and legitimate reasons to support her conclusion that the claimant's testimony was not entirely credible, the ALJ sufficiently substantiated her adverse credibility determination. *See Tomasetti*, 533 F.3d at 1039.

**5.**     The ALJ properly determined Sampson's residual functional capacity (RFC) from the medical expert's testimony as corroborated by evidence from the medical records. Because the ALJ's hypothetical to the Vocational Expert (VE) encompassed the RFC and the VE identified available jobs in the national and local economy, the ALJ's finding of no disability was supported by substantial evidence. *See Stout v. Comm'r*, 454 F.3d 1050, 1052 (9th Cir. 2006) (explaining that if the RFC allows the claimant to adjust to work existing in the economy he is not disabled).

**AFFIRMED.**